**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **THURMAN HARVEY HINES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-07-1429-R |
| | ) |
| **JUSTIN JONES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is the twenty-nine page Report and Recommendation of United States Magistrate Judge Bana Roberts entered August 4, 2009 [Doc. No. 30] and Plaintiff's twenty-three page Objection to the Report and Recommendation filed October 5, 2009 [Doc. No. 33]. Much of Plaintiff's Objection is rambling and difficult to understand. Plaintiff also includes factual allegations in his Objection not included in his Amended Complaint and not properly before the Court. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has reviewed the Report and Recommendation, which contains a thorough and careful analysis of the Plaintiff's Amended Complaint and the claims Plaintiff attempts to make therein, *de novo*, in light of Plaintiff's Objection to the Report and Recommendation. The Court concurs in the findings and conclusions of the Magistrate Judge. Certain specific objections which the Court is able to comprehend are addressed below.

Plaintiff asserts that the grievance due process analysis [in the Report and Recommendation] is "wholly without merit." Objection at p. 5. He asserts that he was punished for the content of his requests to staff and grievances by the imposition of grievance

restrictions, being placed in segregation and by denial of a class level promotion, in violation of his First and Fourteenth Amendment rights. *See* Objection at pp. 6-7.  However, the Magistrate Judge properly analyzed Plaintiff's "claims" that Defendants retaliated against him because of the content of his grievances at pp. 21-27.  The Magistrate Judge correctly concluded that Plaintiff had failed to state § 1983 claims for a violation of Plaintiff's First Amendment rights based upon retaliation for the filing and contents of grievances because Plaintiff's allegations are conclusory, failed to allege facts supporting a plausible inference that but for Plaintiff's filing of certain grievances or the content thereof or threats made by Plaintiff, the disciplinary actions and denial of promotions would not have occurred.  The Magistrate Judge correctly concluded that Plaintiff's allegations failed to allege facts showing a retaliatory motive, causation and personal participation.

With respect to Defendants' alleged denial of class level promotions to Plaintiff, Plaintiff suggests in his Objection that his due process rights were violated when he was denied promotions because there was no approval by the facility head or his designee of these denials as punishment for Plaintiff's misconduct, as required by ODOC OP 60125 "Disciplinary Procedures."  *See* Objection at pp. 7-9.  Plaintiff cites, *inter alia, Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).  *Hewitt* is no longer good law. *See Sandin v. Conner*, 515 U.S. 472, 480-484, 115 S.Ct. 2293, 132 L.Ed.2d 418, 427-30 (1995).  Whether prison guidelines employ mandatory language is no longer the appropriate inquiry to determine the existence of a liberty interest, the deprivation of which requires due process.  *See id.*; *Keck v. Zenon*, 240 Fed. Appx. 815, 818 (10th Cir. July 20, 2007).  As the

Magistrate Judge pointed out, prison officials' decision on an Oklahoma prisoner's credit-earning classification based upon discretionary factors does not implicate a liberty interest. *See* Report and Recommendation at p. 14, citing *Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007).

Plaintiff's Objection to the Report and Recommendation as it pertains to misconducts and disciplinary proceedings is without merit.  Prison policies or guidelines establishing procedures to be employed in disciplinary proceedings do not create a liberty interest protected by the Due Process Clause merely because they are written as mandatory directives.  *See Muhammad v. Wiley*, 330 Fed Appx. 165, 167 n. 1 (10th Cir. May 20, 2009), *Jones v. Cowley*, 948 F.2d 1294, 1991 WL 252667 at * 4 (10th Cir. 1991).  Moreover, to the extent Plaintiff seeks compensation damages for what he contends is the imposition of punishment without due process as a result of prison disciplinary proceedings, his claim is foreclosed by *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).  *See Cardosa v. Calbone*, 490 F.3d at 1199.

In his Objection, Plaintiff conclusorily asserts that the Report and Recommendation's "analysis of Plaintiff's conspiracy claim is wholly without merit."  Objection at p. 11. Plaintiff asserts that in his Amended Complaint he "provided specific facts of an agreement between each individual as they acted in concert to deny Plaintiff" access to the library, class level promotions, earned credits, telephone and canteen privileges and wages, *id.* at pp. 11-12, in violation of his equal protection and due process rights and also in retaliation for Plaintiff's exercise of his First Amendment right to file grievances and assist other prisoners

in the exercise of their right of access to the courts.  *See* Objection at pp. 11-15.  *See also id.* at pp. 15-22.  The Court has reviewed Plaintiff's Amended Complaint and the careful and thorough analysis by the Magistrate Judge in her Report and Recommendation of Plaintiff's purported Sections 1983, 1985 and 1986 conspiracy claims against the Defendants for violating Plaintiff's equal protection, due process and First Amendment rights as well as Plaintiff's purported Section 1983 claims against each of the individual Defendants for allegedly violating these same rights of the Plaintiff.  *See* Report and Recommendation at pp. 19-29.  The Court fully concurs in the findings, conclusions and recommendations of the Magistrate Judge.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 30] is ADOPTED in its entirety and Plaintiff's Amended Complaint [Doc. No. 24] is DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).  After Plaintiff has exhausted or waived his right to appeal, dismissal of this action shall count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 21st day of October, 2009.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE